MAYRIDES, Appellant,

v.

FRANKLIN COUNTY PROSECUTOR'S OFFICE et al., Appellees.

[Cite as *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1371.

Decided March 19, 1991.

*Edward M. Mayrides, pro se.*

*Michael Miller,* Prosecuting Attorney, and *Scott T. Zalenski,* for appellees.

PETREE, Judge.

Appellant appeals *pro se* from the judgment of the Franklin County Court of Common Pleas dismissing his complaint, pursuant to Civ.R. 12(B)(6).

In 1985, appellant, Edward M. Mayrides, was tried and convicted on charges of rape and kidnapping. He is currently incarcerated at the London Correctional Institute. Appellant brought this suit in replevin against appellees, the Franklin County Prosecutor's Office *et al.,* seeking to obtain possession of an investigative file compiled by a private investigator. The complaint asserted that appellant had a property right in the file as the private investigator was hired and paid by his brother and father to conduct an investigation on his behalf. Prior to appellant's criminal trial, appellees acquired the file by subpoena with the intent of using it at trial. Appellant now seeks possession of the file to prepare a petition for post-conviction relief.

One day after the complaint was filed, and before appellees had answered the complaint, the complaint was dismissed *sua sponte* without notice to any party in an entry which states, in pertinent part:

"All motions are overruled and this case is dismissed without costs as plaintiff is indigent.

" * * *

"It appears the file plaintiff seeks to have the Court order the prosecutor to give him was obtained by the prosecutor by subpoena. This fact was stipulated by the prosecutor and defense counsel in Case No. 84CR–04–1047 and Judge Tommy L. Thompson ruled on what use could be made of the subject file in that case."

Although the judgment entry does not specifically recite the reason for the dismissal, we will construe it as a dismissal for failure to state a claim pursuant to Civ.R. 12(B)(6).

From this judgment, appellant appeals, asserting two assignments of error:

"I. The Court of Common Pleas erred when that court failed to recognize the validity of appellant's entitlement to possession of personal property through an action in replevin.

"II. The Court of Common Pleas erred when that court failed to sustain the following motions filed by the appellant:

"1) Motion for Order of Possession without Notice.

"2) Motion to Waive Bond Requirements.

"3) Motion for Injunctive Relief.

"4) Motion for Order of Discovery.

"5) Motion for Order of Appearance for Incarcerated Person.

"6) Motion for Appointment of Counsel."

██ We first address whether the trial court properly dismissed this case. A number of provisions in the Ohio Rules of Civil Procedure authorize a court to dismiss an action on its own motion. Civ.R. 4(E) and 41(B)(1). Nevertheless, such a dismissal may be entered only after the affected party is given notice of the court's intention. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951 (dismissal under Civ.R. 41[B][1]); *Davis v. Holsinger* (June 15, 1989), Franklin App. No. 89AP–79, unreported, 1989 WL 65445 (dismissal under Civ.R. 4[E]). More recently, in *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881, the court concluded that " * * * the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice * * *. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Id.* at 101, 22 OBR at 135, 488 N.E.2d at 883.

██ Like dismissals under Civ.R. 41(B)(1), a dismissal under Civ.R. 12(B)(6) operates as an adjudication on the merits. Civ.R. 41(B)(3). Moreover, a dismissal, *sua sponte,* and without notice to the parties is fundamentally unfair to litigants. It places the court in the role of a "proponent rather than an independent entity." *Franklin v. Oregon, State Welfare Division* (C.A.9,

1981), 662 F.2d 1337, 1342. *Sua sponte* dismissals also prejudice the appellant as they deny any opportunity to amend the complaint or otherwise respond to the alleged insufficiency. Finally, these dismissals frustrate appellate review. In this case, it is unclear from the court's terse order why the dismissal was granted and appellees make no effort to sustain the court's judgment on this ground, choosing instead to rely on an alternative theory. If the court had given the parties notice of its intent, the record would be more fully developed and this court could better determine the basis for the trial court's judgment.

For these reasons, a majority of the United States Courts of Appeals have held that a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Ricketts v. Midwest Natl. Bank* (C.A.7, 1989), 874 F.2d 1177; *Perez v. Ortiz* (C.A.2, 1988), 849 F.2d 793; *Tingler v. Marshall* (C.A.6, 1983), 716 F.2d 1109; *Jefferson Fourteenth Assoc. v. Wometco De Puerto Rico, Inc.* (C.A.11, 1983), 695 F.2d 524; *Franklin v. Oregon, State Welfare Division* (C.A.9, 1981), 662 F.2d 1337; *Dougherty v. Harper's Magazine Co.* (C.A.3, 1976), 537 F.2d 758; and *Literature, Inc. v. Quinn* (C.A.1, 1973), 482 F.2d 372.

We thus conclude that the court erred when it dismissed appellant's complaint under Civ.R. 12(B)(6), *sua sponte*, without first notifying all parties of its intent and giving appellant an opportunity to amend his complaint or respond to the insufficiencies raised by the court.

Appellant's first assignment of error is well taken.

In the second assignment of error, appellant maintains that the trial court erred in overruling his motions for injunctive relief, for an order permitting him to personally appear in the action, and for an order compelling discovery. This assignment of error is not well taken, as we find no error of the court in this regard. The court did not abuse its discretion in denying injunctive relief or appellant's request to appear personally, at least at this stage in the proceedings. See *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 523 N.E.2d 332. Finally, any issues regarding the scope or extent of discovery may be raised once again in the trial court as a result of our ruling on the first assignment of error.

Appellant's second assignment of error is not well taken.

Appellant's first assignment of error is sustained and the second assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and PEGGY BRYANT, J., concur.