JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Albert Thrower, appeals the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which sua sponte dismissed his cause of action against appellees, William and Clementine Olowo. For the following reasons, we find the appellant's appeal to have merit.
 {¶ 3} Thrower filed the instant matter on January 29, 2002 alleging that the Olowoes breached a lease agreement entered into by the parties. Thrower alleges that the Olowoes leased an apartment from him, dba "College Rentals," and subsequently breached said lease agreement. In support of his allegation, Thrower attached to the instant complaint Check No. 930 made payable to "College Rentals" in the amount of $560 from the account of the Olowoes. Further, under the "Purpose" line of the check, the following notation is recorded: "669 Allyn #1." The check was returned for insufficient funds.
 {¶ 4} On June 24, 2002, William Olowo, individually, answered the instant complaint denying "each and every allegation for want of knowledge sufficient enough to base an answer upon."[1] (William Olowo, Answer, paragraph 1.) William Olowo did not raise any affirmative defenses to the allegations contained in the appellant's complaint.
 {¶ 5} Thereafter, Thrower filed several motions, including a motion for summary judgment and two motions for default judgment, which the lower court summarily denied. Finally, on September 6, 2002, the lower court entered the following judgment:
 {¶ 6} "On its own motion, the court finds that this is an action on a negotiated instrument, a check, and that the statute of limitations is not 15 years; therefore, this case is dismissed for want of a claim to be prosecuted. . . . Final."[2]
 {¶ 7} The instant appeal is premised on Thrower's contention that the lower court erred in failing to entertain his motions for default judgment, in sua sponte dismissing his complaint, and in failing to grant his motion for summary judgment.
 {¶ 8} The appellant first contends that the lower court committed reversible error in denying his motions for default judgment. Civ.R. 12(A)(1) requires a defendant to "serve his answer within twenty-eight days after service of the summons and complaint upon him * * *." In reviewing the record, service was obtained on both appellees, William and Clementine Olowo, on February 22, 2002, as evidenced by two separate certified mail receipts. As stated, to date, appellee Clementine Olowo has failed to answer or otherwise defend the instant action.
 {¶ 9} The appellant filed motions for default judgment on May 28, 2002 and August 21, 2002. The May 28 motion was premised on the failure of both appellees, William and Clementine Olowo, to answer or otherwise defend. The August 21 motion was premised on the failure of appellee Clementine Olowo to answer or otherwise defend.
 {¶ 10} The lower court denied the May 28 motion for default judgment on June 14, 2002 even though neither appellee had answered or otherwise defended, pursuant to Civ.R. 12(A)(1).
 {¶ 11} The lower court denied the August 21, 2002 motion for default judgment on August 30, 2002 even though appellee Clementine Olowo had failed to answer or otherwise defend, pursuant to Civ.R. 12(A)(1).
 {¶ 12} Civ.R. 55(A), states:
 {¶ 13} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *."
 {¶ 14} In the instant matter, pursuant to Civ.R. 12(A)(1), the appellees were each required to serve their answer within 28 days after service of the summons and complaint. To date, only appellee William Olowo has answered, and his answer was submitted over 90 days after the expiration of the answer date. Further, appellee William Olowo's answer was submitted to the court without first seeking "leave to file;" and the record does not reflect that the lower court granted him leave to file an answer.
 {¶ 15} In Miller v. Lint (1980), 62 Ohio St.2d 209, 213-214, the Ohio Supreme Court determined that it was an abuse of discretion to permit a defendant to file his/her answer beyond the rule date without regard to the requirements of the Ohio Rules of Civil Procedure. The defendant in Miller filed her answer just after the plaintiffs had filed a motion for default judgment, 36 days after the expiration of the answer date. The court in Miller stated that:
 {¶ 16} "Some showing of `excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for default judgment, and the plaintiffs have complied with the Civil Rules, had a right to have their merits heard and decided before the cause proceeded * * *." Id.
 {¶ 17} In the case at hand, the record reflects that appellee William Olowo submitted his answer some 90 days after the expiration of the answer date and without leave of the court. Further, the lower court has yet to formally grant appellee William Olowo leave to file his answer. Second, before the lower court can grant leave to file the answer, appellee William Olowo must offer a showing of "excusable neglect" as a prelude to filing the answer, in accordance with Miller. Failure to make such a showing and a subsequent grant of leave to file his answer by the lower court would undoubtedly be construed as an abuse of discretion pursuant to Miller.
 {¶ 18} Next, turning to appellee Clementine Olowo, the record is clear that she has failed to answer or otherwise defend the allegations contained in the appellant's complaint. Accordingly, the lower court erred in failing to enter judgment in favor of the appellant, pursuant to Civ.R. 55(A), as to appellee Clementine Olowo only. In accordance with the Civil Rules, failure to plead or otherwise defend subjects the nonmoving party to a motion for default judgment.
 {¶ 19} Therefore, we can only conclude that the lower court erred in failing to properly entertain the appellant's motions for default judgment, in accordance with Civ.R. 55. The record clearly reflects that the appellees failed to properly answer the allegations contained in the complaint; therefore, the averments therein must be viewed as admitted and subject to Civ.R. 55(A).
 {¶ 20} Next the appellant argues that the lower court committed reversible error in sua sponte dismissing his complaint. Specifically, he contends that the lower court erred in unilaterally determining that the instant action was based on a negotiated instrument and not on a contract thereby precluding the 15-year statute of limitations afforded contracts.
 {¶ 21} We note sua sponte dismissals are certainly not per se erroneous. The Ohio Rules of Civil Procedure generally permit a court to dismiss a case with prejudice in the absence of a motion requesting such action as long as the affected party has been given notice of the court's intention. Perotti v. Ferguson (1983), 7 Ohio St.3d 1; Civ.R. 41. A court is also generally entitled to dismiss an action on its own pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106. However, dismissals under Civ.R. 12(B)(6) are akin to dismissals pursuant to Civ.R. 41(B)(1) in that they are "fundamentally unfair" in the absence of prior notice and an opportunity to respond. Mayrides v. Franklin Cty. Prosecutors' Office (1991),71 Ohio App.3d 381. Further, if a court converts a Civ.R. 12(B)(6) motion to a motion for summary judgment, all procedural requirements of Civ.R. 56 must be complied with, including notice to the parties upon conversion. See State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94.
 {¶ 22} In the case at hand, our review is frustrated due to the lower court's failure to state the civil rule under which the dismissal is premised. Nevertheless, in reviewing the record, the lower court failed to provide the appellant with any type of notice, either written or oral, which would tend to indicate that the lower court was entertaining a dismissal of the appellant's cause of action pursuant to either Civ.R. 41, Civ.R. 12, or Civ.R. 56. Therefore, on its face, we find the lower court's sua sponte dismissal of the appellant's cause of action to be in error.
 {¶ 23} Moreover, in reviewing the record, appellee William Olowo did not raise any affirmative defenses in his answer. The Ohio Supreme Court has held that the affirmative defenses listed in Civ.R. 8 must be presented affirmatively in a responsive pleading. Mills v. WhitehouseTrucking Co. (1974), 40 Ohio St.2d 55. The failure to utilize any of these methods results in a waiver of the affirmative defenses. Id. A party must set forth the listed affirmative defenses with specificity or else they are waived. See Arthur Young Co. v. Kelly (1993),88 Ohio App.3d 343.
 {¶ 24} The lower court's sua sponte dismissal of the appellant's complaint was based on the lower court's unilateral interpretation that the matter was premised upon a negotiated instrument and not a written contract, therefore, the 15-year statute of limitation for contracts does not apply. We note, the lower court cannot unilaterally raise an affirmative defense on behalf of the defendant that fails to do so. Further, all factual allegations in the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. A complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242.
 {¶ 25} The appellant's complaint alleges that the appellees leased an apartment from him and that they breached said lease agreement. In support of this allegation, the appellant attached to his complaint a check drafted on the appellees' account made payable to the appellant's rental company which was returned for insufficient funds. The fact that the check was returned for insufficient funds would indicate that the appellees did indeed breach the lease agreement. Accordingly, if the allegations in the appellant's complaint are considered to be true, as they must be in ruling on a motion to dismiss, then we cannot say that it was beyond doubt that he could prove no set of facts in support of his claim which would entitle him to relief.
 {¶ 26} In the case at hand, genuine issues of material fact certainly exist. Further, it was an error for the lower court to sua sponte dismiss the appellant's complaint without providing the appellant with the requisite notice requirements. Additionally, it was an error for the lower court to base its dismissal on a unilateral interpretation that the complaint was premised on a negotiated instrument and not a breach of contract as alleged. Moreover, it was an error for the lower court to sua sponte dismiss the appellant's complaint based on a statute of limitation interpretation, which is an affirmative defense that was not affirmatively raised by the appellee William Olowo in his answer. As stated, the failure to raise an affirmative defense results in waiver.Arthur Young Co. v. Kelly, supra.
 {¶ 27} Last, the appellant argues the lower court erred in denying his motion for summary judgment. In light of our determination regarding the appellant's first two assignments of error, the appellant's third assignment of error is hereby rendered moot because it is no longer ripe for our review.
 {¶ 28} Accordingly, we find no basis upon which the lower court could have properly sua sponte dismissed the appellant's complaint. Therefore, the appellant's appeal is well taken. The judgment of the lower court dismissing the appellant's complaint is hereby reversed and the case is remanded.
James J. Sweeney, J., Concurs;
Colleen Conway Cooney, J., Concurs In Judgment Only (with Separate Concurring Opinion)
[1] To date, appellee, Clementine Olowo has not answered the allegations contained in the appellant's complaint filed January 29, 2002.
[2] The dismissal entry dated September 6, 2002, was entered with prejudice.