OPINION
{¶ 1} Defendant-appellant Maxwell Muff appeals from the April 27, 2005, Entry of the Perry County Court of Common Pleas denying his "Motion for Leave to File a [Motion for a] New Trial." Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 25, 2000, the Perry County Grand Jury indicted appellant on one count of rape in violation of R.C.2907.02. The victim was appellant's stepdaughter.
 {¶ 3} Subsequently, a jury trial commenced on May 23, 2001. After the jury found appellant guilty, the trial court, pursuant to a Judgment Entry filed July 16, 2001, sentenced appellant to nine years in prison.
 {¶ 4} Appellant appealed his conviction and sentence, and this Court affirmed. See State v. Muff, Perry App. No. 01-CA-13, 2002-Ohio-2510.
 {¶ 5} On September 25, 2001, appellant filed a petition for postconviction relief. As memorialized in a Judgment Entry filed October 5, 2001, the trial court denied the petition.
 {¶ 6} On July 25, 2003, appellant filed a second petition for postconviction relief. Pursuant to a Judgment Entry filed August 6, 2003, the trial court again denied the petition. Appellant then filed an appeal. Pursuant to an Opinion filed on November 29, 2004, in State v. Muff, Perry App. No. 03CA15,2004-Ohio-6453, this Court affirmed the judgment of the trial court.
 {¶ 7} Subsequently, appellant, on April 15, 2005, filed a "Motion for Leave to File a [Motion for a] New Trial" pursuant to Crim.R. 33(A)(2)(6) and (B). Appellant, in his motion, argued that he was unavoidably prevented from obtaining a copy of the unabridged police report/complaint, rape kit results, doctor's and nurse's reports, and voluntary statement of Michelle Stewart, who was identified on a witness list but never called as a witness. Appellant, in his motion, alleged that such evidence was exculpatory and that, with the exception of the police report, he was unable to obtain such evidence until he filed a writ of mandamus with this Court in January of 2005.
 {¶ 8} Appellee State of Ohio did not respond to appellant's motion. Pursuant to an Entry filed on April 27, 2005, the trial court denied the same without giving its reasons for doing so.
 {¶ 9} Appellant now raises the following assignment of error on appeal:
 {¶ 10} "THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S MOTION FOR LEAVE TO FILE A [MOTION FOR A] NEW TRIAL WITHOUT A MOTION OR ANSWER FROM THE STATE AND WITHOUT GIVING NOTICE TO THE APPELLANT, THUS VIOLATING APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 I {¶ 11} Appellant, in his sole assignment of error, argues that the trial court erred in denying his "Motion for Leave to File a [Motion for a] New Trial before appellee State of Ohio had responded to the same and without giving notice to appellant of its intention to deny the same. We disagree.
 {¶ 12} As is stated above, appellant filed his motion on April 15, 2005, and the trial court denied the same on April 27, 2005. While appellee State of Ohio did not respond to appellant's motion, there is no requirement in Crim.R. 33 that it do so.
 {¶ 13} Appellant further argues that the trial court erred in denying this motion without giving notice of its intention to do so. Appellant, in his brief, cites Mayrides v. Franklin CountyProsecutor's Office (1991), 71 Ohio App.3d 381, 594 N.E.2d 48 in support of his argument. However, we find that Mayrides is clearly distinguishable. In Mayrides, an inmate brought a replevin action against the county prosecutor's office and others. After the complaint was filed, and before the appellees had filed an answer, the trial court dismissed the complaint sua sponte pursuant to Civ.R. 12(B)(6) without notice to any party. The inmate then appealed. The Tenth District Court of Appeals, in reversing the judgment of the trial court and remanding the matter, stated, in relevant part, as follows: "A number of provisions in the Ohio Rules of Civil Procedure authorize a court to dismiss an action on its own motion. . . . Nevertheless, such a dismissal may be entered only after the affected party is given notice of the court's intention." Id. at 49-50.
 {¶ 14} Unlike in Mayrides, the trial court in the case sub judice did not sua sponte dismiss a complaint. Rather, the trial court denied the motion that appellant himself had filed. Appellant, when he filed his motion, should have known that the trial court would rule on the same. No additional notice was required.
 {¶ 15} Appellant also cites Esslinger v. Davis (11th Cir. 1995), 44 F.3d 1515 for the proposition that the trial court "clearly and unequivocally violated Appellant's right to due process by failing to provide notice of its intentions to address defenses to the motion not previously raised by the State of Ohio." Esslinger is also distinguishable from the case sub judice. In Esslinger, a lower court denied an inmate's writ for habeas corpus after sua sponte invoking a procedural default. The United States Court of Appeal for the Eleventh Circuit reversed the lower court, holding that it was "fundamentally unfair" for the court sua sponte to invoke the default without giving the inmate an opportunity to show cause for the same. However, in the case sub judice, there is no evidence that the trial court sua sponte raised any defenses to appellant's motion. Nor is there evidence that the trial court did anything other than review the arguments raised in appellant's motion and find that the same lacked merit.
 {¶ 16} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 17} Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.
Edwards, J., Boggins, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.