DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, David E. McMullian and Susan E. McMullian, appeal the judgment of the Ottawa County Court of Common Pleas which granted a motion for judgment on the pleadings in favor of appellees, General Title Trust Co. ("General Title"), Firelands Abstract Title Agency, Inc. ("Firelands"), Patricia A. Borean, and the Lakeside Association. For the following reasons, we reverse.
 {¶ 2} On September 26, 2001, the McMullians submitted an offer to Patricia A. Borean to purchase the leasehold interest in property known as Lot 11, N ½ Lot 12, Blk 76 Cherry Street, Lakeside, Ottawa County, Ohio. Borean had leased the property from the Lakeside Association in 1994. On December 17, 2001, Borean executed a quit claim deed transferring her interest to the McMullians. McMullians and the Lakeside Association also executed a document which consented to the assignment of the Borean lease to the McMullians. On December 18, 2001, General Title issued a policy of title insurance to the McMullians based on a title examination conducted by Firelands.
 {¶ 3} The McMullians discovered the existence of a sewer line easement in 2003. The sewer line encroached their property to such an extent that they were unable to construct their residence as planned. When they submitted a claim for coverage pursuant to the terms of their title policy, General Title refused to provide coverage to appellants. Appellants then filed a complaint for relief which included claims of inter alia, negligence, misrepresentation, and fraud.
 {¶ 4} On September 20, 2004, Lakeside Association filed a motion to dismiss the negligence, fraud, and misrepresentation claims against them. On that same day, appellants filed a motion to amend their complaint to add a breach of contract claim against General Title.
 {¶ 5} On October 29, 2004, the trial court denied appellants' motion to amend the complaint. On November 15, 2004, the trial court entered a decision and judgment entry granting Lakeside's motion to dismiss. On November 24, 2004, Firelands and General Title filed motions for judgment on the pleadings. While that motion was pending, appellants filed a second motion for leave to file an amended complaint.
 {¶ 6} On February 25, 2005, the trial court granted appellants' motion for leave to file an amended complaint. That same day, the court granted Firelands' motion for judgment on the pleadings by a separate judgment entry. On March 9, appellants filed their amended complaint which included a breach of contract claim against General Title.
 {¶ 7} On April 4, 2005, the trial court entered a single paragraph judgment entry granting General Title's motion for judgment on the pleadings:
 {¶ 8} "Upon Motion by Defendant, General Title and Title and Trust Company ("General Title") under Ohio Civil Rule (C), it is hereby ORDERED, ADJUDGED and DECREED that Plaintiffs have failed to state a cause of action under the facts as pled against Defendant, General Title in Counts Eight and Nine of Plaintiffs' Complaint. Judgment is rendered accordingly and Counts Eight and Nine against Defendant, General Title are [sic] hereby dismissed at Plaintiff's costs."
 {¶ 9} On April 14, 2005, the trial court filed a nunc pro tunc entry because it had failed to address the claims asserted in appellants' amended complaint. The nunc pro tunc judgment entry dismissed all appellants' claims asserted against General Title. On April 21, 2005, appellants timely filed a notice of appeal.
 {¶ 10} Appellants assert two assignments of error:
 {¶ 11} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANTS' COMPLAINT AND AMENDED COMPLAINT FAILED TO STATE ANY CLAIM UPON WHICH RELIEF COULD BE GRANTED."
 {¶ 12} "APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS DID NOT INCLUDE APPELLANT'S BREACH OF CONTRACT CLAIM AND THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE CLAIM, SUASPONTE, WITHOUT AFFORDING APPELLANTS THE RIGHT TO DEFEND THEIR CLAIM."
 {¶ 13} We discuss the second assignment of error first as we find it well taken. Appellants argue that appellee General Title filed its motion for judgment on the pleadings as to the original complaint, and therefore did not supplement or otherwise move to include the amended complaint in its motion. Appellants also note that the trial court did not advise the parties of its intent to include the amended complaint for consideration on the pending motion. Appellants therefore conclude that the trial court's sua sponte dismissal constitutes an abuse of discretion, because they were not granted an opportunity to defend the amended complaint. We agree.
 {¶ 14} A motion for judgment on the pleadings made pursuant to Civ.R. 12(C) is characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted, because it may only be made after the pleadings are filed. Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163. The court is required to limit its inquiry to the material allegations contained in the complaint and accept those allegations and all reasonable inferences as true. Lin v.Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99. If the allegations in the complaint are such that the plaintiff could prove no set of facts which would entitle him to relief, the moving party is entitled to a dismissal. Id.
 {¶ 15} In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond. State ex. Rel. Edwards v. Toledo City School Dist. Bd.of Edn. (1995), 72 Ohio St.3d 106, 108. A trial court errs when it dismisses a complaint, sua sponte, without first notifying all parties of its intent. Mayrides v. Franklin Cty. Prosecutor'sOffice (1991), 71 Ohio App.3d 381, 384. The exception to this rule permits a sua sponte dismissal without notice only where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. Ex. Rel. Edwards,72 Ohio St.3d at 108. An erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand to that court for further proceedings. Stateex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court ofCommon Pleas (1990), 49 Ohio St.3d 49, 50.
 {¶ 16} A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants.Mayrides, 71 Ohio App.3d at 383. It places the court in the role of a proponent rather than an independent entity. Id. Sua sponte dismissals also prejudice appellants as they deny any opportunity to respond to the alleged insufficiencies. Id. at 384. Ultimately, appellate review is frustrated when a trial court offers no explanation or reasoning for a sua sponte dismissal. Id. In Mayrides, the trial court dismissed the plaintiff's complaint, sua sponte, for failure to state a claim pursuant to Civ.R. 12(B)(6). Id. at 383. The trial court's judgment entry did not specifically recite the reason for the dismissal. On appeal, the court remanded the case for further proceedings because it was unclear from the trial court's judgment entry why the dismissal was granted. Id. at 384.
 {¶ 17} In this case, it is unclear from the trial court's judgment entry why the dismissal was granted. The amended complaint is neither mentioned nor discussed within the nunc pro tunc judgment entry. If the trial court had given appellants notice of its intent and an opportunity to respond, the record would be more developed to facilitate appellate review. Therefore, we conclude that the trial court erred when it sua sponte dismissed appellants' amended complaint under Civ.R. 12(C) without notifying all parties of its intent and giving appellants an opportunity to respond. Accordingly, appellants' first assignment of error is moot as appellants' second assignment of error is well taken.
 {¶ 18} The judgment of the Ottawa County Court of Common Pleas is reversed and remanded for further proceedings. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.