DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, MBNA America Bank, N.A. ("MBNA") appeals the dismissal of its complaint to enforce an arbitration award and for money on account filed against Appellee Tabitha Canfora by the Summit County Court of Common Pleas. We reverse and remand.
 {¶ 2} This case involves the enforcement of two arbitration awards in favor of MBNA related to two credit card accounts held by Appellee. After an arbitration hearing held on January 19, 2005, the National Arbitration Forum issued its awards in favor of MBNA on January 31, 2005, and March 22, 2005, in a total amount of $17,161.39. Appellee did not pay the arbitration award and on *Page 2 
July 22, 2005, MBNA filed a motion with the trial court, in Summit County case number 2005-06-3723, to confirm and enforce the arbitration awards pursuant to Chapter 2711 of the Ohio Revised Code ("first action"). Appellee responded to the motion to confirm the arbitration award, which the trial court considered as a motion to vacate the arbitration award. On December 19, 2005, the trial court dismissed MBNA's motion, sua sponte, and without prejudice, holding that MBNA failed to comply with R.C. 2711.14 by attaching the arbitration agreement to its motion thereby preventing the court from having subject matter jurisdiction over the case. On January 17, 2006, MBNA appealed the trial court's decision in the first action to this Court. We ordered MBNA to show cause as to why the trial court's entry in the first action, which dismissed the action without prejudice, was a final and appealable order. MBNA responded to the show cause order, but this Court was not convinced and dismissed the appeal on April 5, 2006.
 {¶ 3} On May 19, 2006, MBNA filed a complaint in the Summit County Court of Common Pleas for common law enforcement of the arbitration award and for money on the underlying credit card accounts. Appellee did not respond to the complaint. On November 30, 2006, MBNA filed a motion for default judgment. On January 25, 2007, the trial court denied the motion for default judgment and dismissed MBNA's complaint, sua sponte, without prejudice. The trial court held that the agreement between the parties required resolution by binding arbitration. Therefore, the appropriate venue for MBNA's action would be solely through the *Page 3 
enforcement of the provisions of R.C. Chapter 2711. MBNA had failed again to comply with the statute because it did not seek to enforce the arbitration award within one year of the award as required by R.C.2711.09 and did not establish good cause for its failure to do so.
 {¶ 4} Appellant timely appealed the trial court's January 25, 2007 entry raising one assignment of error.
 Assignment of Error "The trial court erred in denying Appellant's motion for default judgment and dismissing Appellant's complaint sua sponte."
 {¶ 5} MBNA asserts that the trial court erred in dismissing its complaint for common law enforcement of the arbitration award and/or for money damages related to Appellee's non-payment of her credit card accounts. MBNA asserts that, while R.C. 2711.09 requires the holder of an arbitration award to file a motion to confirm and enforce that arbitration award within one year or show good cause, the one year rule is not mandatory. Moreover, MBNA asserts that it is entitled to enforce the arbitration awards under common law principles, which the trial court did not consider or address. Appellee did not file a brief with this Court.
 {¶ 6} We begin by noting that while we found the trial court's entry in the first action not to be final and appealable because it was dismissed without prejudice, the entry in this appeal, also dismissed without prejudice, is final and appealable because it affects a substantial right that determines the action and *Page 4 
prevents judgment. The trial court's entry prevents MBNA from seeking enforcement of its arbitration award via R.C. Chapter 2711 or under common law principles.
 {¶ 7} This Court has held:
 "`Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), * * *, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond.' State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 108, citing Mayrides v. Franklin Cty. Prosecutor's Office (1991), 71 Ohio App.3d 381, 383-84. * * * The only instances of when a sua sponte dismissal of complaint without notice is appropriate is when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint. State ex rel. Peeples v. Anderson (1995), 73 Ohio St.3d 559, 560." Dunn v. Marthers, 9th Dist. No. 05CA008838, 2006-Ohio-4923, at ¶ 11.
As there is nothing in the record to indicate that the parties received notice of the court's intent to dismiss the action, resolution of MBNA's assignment of error thus requires that we determine whether its complaint is frivolous or it obviously cannot prevail on the facts alleged.
 {¶ 8} Here, the trial court dismissed the complaint and denied MBNA's motion for default judgment because it found that MBNA was required to resolve its dispute with Appellee and enforce its arbitration awards solely via R.C. Chapter 2711 and that MBNA had failed to comply with the requirements of R.C. Chapter 2711 by failing to enforce the arbitration award within one year of the award. We find that the trial court effectively held that MBNA failed to state a claim upon which relief could be granted. *Page 5 
 {¶ 9} A trial court may dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that plaintiff to relief. O'Brien v.Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The analysis is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 547. The trial court must accept the factual allegations as true and make every reasonable inference in favor of the plaintiff.Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. Therefore, accepting these facts as true, an appellate court reviews the dismissal de novo, as a question of law. Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79,2004-Ohio-4362, at ¶ 5. An erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand to that court for further proceedings. State ex rel. Natl. Emp.Benefit Serv., Inc. v. Court of Common Pleas of Cuyahoga Cty. (1990),49 Ohio St.3d 49, 50-52, fn.1.
 {¶ 10} A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion. McEnteer v. Moss, 9th Dist. No. 22201, 22220, 2005-Ohio-2679, at ¶ 6, citing Nat'l City Bankv. Shuman, 9th Dist. No. 21484, 2003-Ohio-6116, at ¶ 6.
 {¶ 11} In its entry, the trial court states that MBNA's complaint seeks to "enforce both arbitration awards and also, alternatively, for common law enforcement of arbitration award and action on account." The trial court then *Page 6 
dismisses MBNA's complaint based solely on an analysis of R.C. Chapter 2711 as applied to the facts. We disagree with the trial court that MBNA's complaint seeks common law enforcement of its arbitration awards as an alternative remedy. MBNA seeks only common law enforcement of its arbitration awards and does not seek any remedy that R.C. Chapter 2711 may provide.
 {¶ 12} The Supreme Court of Ohio addressed this issue in Warren Educ.Ass'n. v. Warren City Bd. of Educ. (1985), 18 Ohio St.3d 170, stating that,
 "The party desiring legally to enforce an award makes a motion to confirm. This motion must be granted by the court, unless cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award." Warren Educ. Ass'n. at 172-73, quoting R.C. 2711.09, editorial comment, Page's Revised Code Annotated.
 {¶ 13} While R.C. 2711.09 does not have an express provision for a party who moves to confirm an arbitration award beyond the one-year period provided by the statute, the comment to R.C. 2711.09 does suggest a party with an arbitration award can obtain a judgment on the award after one year:
 "This is the section of the statute which enables the parties to an arbitration to obtain satisfaction of the award. The party desiring legally to enforce an award makes a motion to confirm. This motion must be granted by the court, unless cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award."
 {¶ 14} Sua sponte dismissals "prejudice appellants as they deny any opportunity to respond to the alleged insufficiencies." McMullian v.Borean, 6th *Page 7 
Dist. No. OT-05-017, 2006-Ohio-861, at ¶ 16, citing Mayrides v. FranklinCty. Prosecutor's Office (1991), 71 Ohio App.3d 381, 384. "[Appellate review is frustrated when a trial court offers no explanation or reasoning for a sua sponte dismissal." McMullian at ¶ 16. Here, although the trial court's entry offers some basis for its dismissal, it fails to address the claims alleged in MBNA's complaint, i.e., common law claims to enforce the arbitration award. Accordingly, we find that the trial court's sua sponte dismissal, without notice to MBNA, of its intent to dismiss was erroneous because its order does not establish that MBNA's claims for common law enforcement of its arbitration awards were frivolous and/or that MBNA could not prevail on such claims.
 {¶ 15} Moreover, we find that Appellant's complaint has stated a claim upon which relief can be granted, making dismissal on these grounds improper. We must accept the factual allegations as true and make every reasonable inference in favor of the plaintiff. In this case, it is particularly simple to do so as the facts as set forth by MBNA are undisputed that it was awarded two arbitration awards against Appellee, which awards were not paid by Appellee. Given this and the fact that Appellant may seek enforcement of its arbitration award after one year by pursuing common law claims pursuant to Warren Educ. Ass'n, we find that Appellant has stated a claim upon which relief can be granted and dismissal was improper. *Page 8 
 {¶ 16} Because MBNA has stated a claim upon which relief can be granted, we also find that the trial court abused its discretion in denying MBNA's motion for default judgment on the grounds set forth in its judgment entry. It is undisputed that Appellee did not answer the complaint and MBNA is entitled to pursue default judgment under Civ. R. 55(A).
 {¶ 17} Appellant's assignment of error is sustained and this matter is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 9 
Costs taxed to Appellee.
LYNN C. SLABY FOR THE COURT
BAIRD, J. CONCURS