MOORE, Appellant,

v.

HOUSES ON THE MOVE, INC., et al., Appellees.

[Cite as *Moore v. Houses on the Move, Inc.,* 177 Ohio App.3d 585, 2008-Ohio-3552.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 89478 and 90068.

Decided July 17, 2008.

586

The Law Office of Jack Malicki, L.L.C., Gino Pulito, and Jack Malicki, for appellant.

Schmelzer & Caterino and Stephanie J. Lane, for appellee Houses On the Move, Inc.

Frantz Ward, L.L.P., Brett K. Bacon, and Gregory R. Farkas, for appellee Charter One Bank, N.A.

Law Office of Buckley King, Lisa A. Pavlik, Lynn A. Lazzaro, and Robert M. Weber, for appellee Purchase, Rehab, Inspection Management Enterprise, Inc.

---

BOYLE, Judge.

{¶ 1} In this consolidated appeal, plaintiff-appellant, Adrian Moore, appeals from the January 26, 2007 order of the Cuyahoga County Common Pleas Court that stayed all proceedings and compelled arbitration of her claims against defendants-appellees Purchase, Rehab, Inspection Management Enterprise, Inc. ("PRIME") and Houses On The Move, Inc. ("HOTM"). Plaintiff also appeals from the June 15, 2007 order of the Cuyahoga County Common Pleas Court that dismissed her claims against defendants-appellees Charter One Bank ("Charter One") and PRIME. For the following reasons, we affirm the judgment in case No. 89478 and reverse the judgment in case No. 90068.

{¶ 2} On July 5, 2006, plaintiff filed a complaint against HOTM, PRIME, and Charter One alleging various claims of consumer fraud, breach of contract, breach of fiduciary duty and civil conspiracy stemming from the rehabilitation of a residential property.

{¶ 3} On August 15, 2006, Charter One filed an answer denying the allegations of the complaint and asserting a cross-claim against PRIME and HOTM.

{¶ 4} On September 5, 2006, HOTM filed a motion to dismiss, or in the alternative, to stay the proceedings and compel arbitration. On October 10, 2006, PRIME filed a motion to dismiss, or in the alternative, to stay the proceedings and compel arbitration.

{¶ 5} On January 17, 2007, a hearing on the motions to dismiss/compel arbitration were held.

{¶ 6} On January 26, 2007, the trial court issued a journal entry granting the motions of HOTM and PRIME and compelling the parties to proceed to arbitration. Plaintiff timely appealed this order.[1] On June 15, 2007, while the above appeal was still pending in this court, the trial court issued a journal entry

---

1. See *Moore v. Houses on the Move, Inc.,* 8th Dist. No. 89478.

dismissing Charter One and PRIME. Plaintiff timely appealed this order as well.

### Case No. 90068—Jack Malicki

{¶ 7} "[1] Statement of jurisdiction;

{¶ 8} "[2] The trial court erred when it entered judgment dismissing the claims against Prime and Charter One, where the trial court was divested of jurisdiction, and where the judgment dismissing Prime and Charter One was inconsitent [sic] with the appellate court's jurisdiction to review, affirm, modify or reverse the order compelling arbitration;

{¶ 9} "[3] The trial court erred when it dismissed the complaint against Charter One, where Charter One had not moved for dismissal;

{¶ 10} "[4] The trial court erred when it dismissed the complaint against Prime."

{¶ 11} In these assignments of error, plaintiff argues that the trial court erred in dismissing her claims against Charter One and PRIME via its journal entry on June 15, 2007. We shall address each party separately, but we ultimately conclude that the trial court did err in dismissing these parties.

### Charter One

{¶ 12} In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799. A trial court errs when it dismisses a complaint, sua sponte, without first notifying all parties of its intent. *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 384, 594 N.E.2d 48. The exception to this rule is when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Edwards* at 108, 647 N.E.2d 799.

{¶ 13} A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants. *Mayrides,* 71 Ohio App.3d at 383, 594 N.E.2d 48. It places the court in the role of a proponent rather than an independent entity. Id. Sua sponte dismissals also prejudice appellants as they deny any opportunity to respond to the alleged insufficiencies. Id. at 384, 594 N.E.2d 48. Ultimately, appellate review is frustrated when a trial court offers no explanation or reasoning for a sua sponte dismissal. Id.

{¶ 14} Here, the trial court sua sponte dismissed plaintiff's claims against Charter One, even though Charter One had not filed a motion to dismiss. If the trial court had given plaintiff notice of its intent and an opportunity to respond,

the record would be more developed to facilitate appellate review. However, it does not appear beyond doubt, after construing the material factual allegations of plaintiff's complaint most strongly in her favor, that plaintiff's complaint is either frivolous or obviously without merit. Accordingly, we conclude that the trial court erred when it sua sponte dismissed plaintiff's claims against Charter One without notifying all parties of its intent and giving plaintiff an opportunity to respond. See *MBNA Am. Bank, N.A. v. Canfora*, Summit County App. No. 23588, 2007-Ohio-4137, 2007 WL 2318095; *McMullian v. Borean* (2006), 167 Ohio App.3d 777, 857 N.E.2d 180.

## PRIME

{¶ 15} On January 17, 2007, following the hearing on the motion to compel arbitration, the trial court indicated that it was going to dismiss both PRIME and Charter One as defendants, based on a nonliability clause contained in the contract. However, the trial court did not journalize this pronouncement and, instead, on January 26, 2007, issued a journal entry granting PRIME's motion to compel arbitration. Thereafter, on June 15, 2007, the trial court issued another journal entry dismissing PRIME as a defendant "in accordance with the hearing held on 1/17/07." The effect of this entry was to change the substantive nature of the January 26, 2007 order and to extinguish any claims that plaintiff had against PRIME.

{¶ 16} The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so that the record speaks the truth. *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 127, 48 O.O.2d 113, 249 N.E.2d 799. The function of a nunc pro tunc order is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth. Id. A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. However, a trial court may not use a nunc pro tunc entry to enter of record that which it intended to or might have done but which in fact it did not do. *McKay v. McKay* (1985), 24 Ohio App.3d 74, 24 OBR 129, 493 N.E.2d 317; *Webb v. W. Res. Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289. See also *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 671 N.E.2d 236; *Pepera v. Pepera* (Mar. 26, 1987), Cuyahoga App. Nos. 51989 and 52024, 1987 WL 8586.

{¶ 17} Here, we find that the action taken by the trial court was in the nature of a nunc pro tunc entry. The trial court used the nunc pro tunc order to change or correct its prior judgment entry. However, this modification is more than a simple correction of a clerical error; rather, it substantially altered what the court had entered on January 26, 2007, and was far beyond the scope of correcting a clerical mistake. Accordingly, we find that the June 15, 2007 journal

entry that dismissed PRIME as a defendant was improper and prejudicial to the plaintiff.

{¶ 18} Plaintiff's assignments of errors are well taken.

{¶ 19} The judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

### Case No. 89478

{¶ 20} "[1] The trial court erred in violation of [R.C.] 2711.01, when it granted the motions of appellees [PRIME and HOTM] to compel arbitration, where the movants failed to establish an enforceable agreement for arbitration [sic], and where the provision upon which appellees relied was unconscionalbe [sic]."

{¶ 21} In this assignment of error, plaintiff argues that the trial court erred in granting PRIME's and HOTM's motion to compel arbitration.

■■ {¶ 22} Ohio and federal courts encourage arbitration to settle disputes. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 501, 692 N.E.2d 574; *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27, 623 N.E.2d 39; *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1; R.C. 2711.01. An arbitration agreement will be enforced unless the court is firmly convinced that (1) the clause is inapplicable to the dispute or issue in question or (2) the parties did not agree to the clause. *Ervin v. Am. Funding Corp.* (1993), 89 Ohio App.3d 519, 625 N.E.2d 635.

{¶ 23} With these principles in mind, we address each party separately, but we ultimately conclude that the trial court properly stayed the proceedings and compelled arbitration of plaintiff's claims against HOTM and PRIME.

### HOTM

■ {¶ 24} Here, plaintiff entered into a written contract with HOTM for construction work on her residential property. Paragraph 27 of the contract between HOTM and plaintiff specifically provides arbitration as the sole means to settle "any controversy or claim arising out of or relating to this Contract, or the breach thereof." This provision provides a clear, direct and unequivocal mandate that all controversies be settled by arbitration. Accordingly, this arbitration provision encompasses all the claims asserted by the plaintiff against HOTM.

{¶ 25} Next, we must determine whether plaintiff agreed to the arbitration provision. An examination of the contract and the transcript testimony reveals that plaintiff signed the contract. The arbitration provision is specifically identified and incorporated, in capital letters, in the contract.

{¶ 26} Plaintiff claims that she did not have knowledge of and failed to read the arbitration clause and thus, did not understand that she was bound to arbitrate all disputes with HOTM. Plaintiff claims that she was rushed into signing the contract. These arguments must fail.

{¶ 27} Plaintiff intended to enter into an agreement with HOTM. She was not coerced or induced into signing the contract. No one misrepresented or hid anything from her when she signed the contract.

{¶ 28} A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms. The law does not require that each aspect of a contract be explained orally to a party prior to signing. *ABM Farms*, 81 Ohio St.3d at 503, 692 N.E.2d 574. "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." *ABM Farms*, citing *Upton v. Tribilcock* (1875), 91 U.S. 45, 50, 23 L.Ed. 203.

{¶ 29} Accordingly, we find that the trial court did not err in granting HOTM's motion to stay proceedings pending arbitration and to compel arbitration.

## PRIME

{¶ 30} PRIME was not a signatory to the contract between plaintiff and HOTM. However, paragraph 5 of the contract between plaintiff and HOTM specifically provides that HOTM would get paid for its work only upon the approval of both the plaintiff and PRIME. Furthermore, paragraph 29 of the same contract requires the approval of PRIME of the *entire* contract between the parties.

{¶ 31} A nonsignatory can be compelled to arbitrate if it is bound to an arbitration clause under ordinary contract and agency principals. *Peters v. Columbus Steel Castings Co.*, Franklin App. No. 05AP–308, 2006-Ohio-382, 2006 WL 225274. Specifically, nonsignatories can be "bound to an arbitration agreement via the theories of incorporation by reference, assumption, agency, veil-piercing/alter ego, and third-party beneficiary." Id.

{¶ 32} Here, plaintiff's complaint alleges, among other things, that PRIME breached a fiduciary duty owed to her because it was paid to use its expertise in hiring, supervising, and contracting with HOTM. These claims, if true, arise from the contract between HOTM and plaintiff. Accordingly, the arbitration provision contained in the contract would also encompass all of the claims asserted by the plaintiff against PRIME. Accordingly, we find that the trial

court did not err in granting PRIME's motion to stay proceedings pending arbitration and to compel arbitration.

{¶ 33} Plaintiff's assignment of error is overruled.

{¶ 34} As to case No. 90068, the judgment of the trial court is reversed and remanded; and as to case No. 89478 the judgment of the trial court is affirmed.

Judgment in case No. 90068 reversed,<br>and cause remanded.

Judgment in case No. 89478 affirmed.

McMONAGLE, J., concurs.

GALLAGHER, J., concurs in judgment only.