[Cite as *Live Joyfully, L.L.C. v. PNC Bank, N.A.*, 2023-Ohio-3275.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| LIVE JOYFULLY, LLC | : | |
| | : | |
| Appellant | : | C.A. No. 29755 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 4744 |
| | : | |
| PNC BANK, N.A. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellee | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on September 15, 2023

· · · · · · · · · · ·

ANDREW M. ENGEL & MARC E. DANN, Attorneys for Appellant

H. TOBY SCHISLER, Attorney for Appellee

· · · · · · · · · · · ·

HUFFMAN, J.

{¶ 1} Plaintiff-Appellant, Live Joyfully, LLC ("Live Joyfully") appeals from the trial court's order denying its motion for default judgment and quiet title and dismissing its claims for failure to state a claim upon which relief may be granted. Live Joyfully contends that the trial court erred by dismissing its complaint sua sponte, erred by dismissing its complaint with prejudice, and erred in denying its motion for default judgment. For the

reasons outlined below, we conclude that the trial court erred by not providing Live Joyfully any prior notice of its intention to dismiss the action or any opportunity to respond or amend its complaint. We will reverse the trial court's judgment on this basis. As such, we need not address the alleged error related to dismissal with prejudice. We also will not address the denial of Live Joyfully's motion for default judgment, because it was an interlocutory order.

## I. Factual and Procedural Background

{¶ 2} In 2005, Serena and Bryan Dorsey purchased real property located at 157-159 Lexington Avenue in Dayton, Ohio, and obtained a mortgage loan from National City Bank securing the property. In October 2012, the Dorseys transferred the property to Dennis Marsh. Thereafter, the property was transferred several times, eventually to Joan Richards Gordon, Live Joyfully's sole member, by quitclaim deed in December 2020. Gordon then transferred the property to Live Joyfully, also by quitclaim deed, in February 2022. After acquiring the property, Live Joyfully allegedly discovered that the mortgage from National City Bank remained unreleased.

{¶ 3} In its complaint, Live Joyfully claimed that it had attempted to arrange for the release of the mortgage, but PNC Bank, which was National City Bank's successor in interest, purportedly refused to discuss the loan with Live Joyfully because it was not a borrower on the loan. Thereafter, Live Joyfully filed an action to quiet title and for declaratory judgment, asserting that the unreleased mortgage on the property was an encumbrance clouding Live Joyfully's title.

{¶ 4} PNC Bank did not file an answer or otherwise plead in response to Live

Joyfully's complaint. Live Joyfully then filed a motion for default judgment and quiet title and subsequently filed a memorandum in support of its motion for default judgment and quiet title. The trial court denied Live Joyfully's motion for default judgment and sua sponte dismissed its claims with prejudice for failure to state a claim upon which relief could be granted.

**{¶ 5}** Live Joyfully timely appealed the trial court's order. In response, PNC Bank filed a disclaimer in this court, asserting that it had undertaken a diligent search of its business records and had been unable to locate any open mortgage loan account related to the property. Live Joyfully later filed a motion to deem conceded error in this court, arguing that PNC Bank's disclaimer was dispositive of this matter, seeking an order deeming PNC Bank's disclaimer as a notice of conceded error, and asking this court to decide the matter on the merits.

## II.    Assignments of Error

**{¶ 6}** Live Joyfully asserts the following assignments of error:

(1) The trial court erred by overruling Appellant's motion for default judgment.

(2) The trial court erred by dismissing the complaint sua sponte.

(3) The trial court erred in dismissing the complaint with prejudice.

We will consider the three assignments of error together.

**{¶ 7}** Under its first assignment of error, Live Joyfully contends that the trial court erred in overruling its motion for default judgment because an invalid mortgage is a cloud on title and any enforcement of the mortgage was time-barred. However, "[t]he trial court's denial of a motion for default judgment is not a final appealable order because the denial

of such a motion neither determines the action nor prevents judgment in the action." *Ohio Neighborhood Fin., Inc. v. Mackendrick*, 2d Dist. Montgomery No. 23978, 2010-Ohio-6098, ¶ 9, citing *Jamestown Village Condo v. Market Media*, 96 Ohio App.3d 678, 693, 645 N.E.2d 1265 (8th Dist.1994). Because this assignment of error involves an order that was not a final appealable order, we will not address its merits, particularly given our resolution of Live Joyfully's second assignment of error.

{¶ 8} In its second and third assignments of error, Live Joyfully contends that the trial court erred in dismissing its complaint with prejudice sua sponte without providing it with prior notice.

{¶ 9} A trial court's dismissal of an action is reviewed to determine if the court abused its discretion. *Tarver v. IRS Dept.*, 2d Dist. Montgomery No. 26741, 2016-Ohio-3199, ¶ 2, citing *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 656 N.E.2d 1288 (1995). A court abuses its discretion by acting in a manner that is unreasonable, arbitrary, or unconscionable. *Id.*, citing *State ex rel. Askew v. Goldhart,* 75 Ohio St.3d 608, 665 N.E.2d 200 (1996). A trial court's decision is unreasonable if not supported by a sound reasoning process. *Id.*, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

{¶ 10} We recognize that a trial court's dismissal for failure to state a claim is generally made following a motion to dismiss pursuant to Civ.R. 12(B)(6), which is reviewed de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St. 3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. However, since no motion to dismiss was filed in the trial court, and because Live Joyfully was given no opportunity to respond to a motion, the issue in this

appeal is the trial court's exercise of its discretion to sua sponte dismiss the complaint without prior notice to the parties and an opportunity to be heard.

{¶ 11} We have held that "[t]he court may not sua sponte enter an order dismissing a case on its merits involuntarily absent prior notice to the affected parties." *Owens v. Bailar,* 2d Dist. Champaign No. 2008-CA-29, 2009-Ohio-2741, ¶ 12, citing *Ohio Furniture Co. v. Mindala,* 22 Ohio St.3d 99, 488 N.E.2d 881 (1986). In *Ohio Furniture,* the Supreme Court of Ohio stated: "We hold that the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice * * *. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Ohio Furniture* at 101. *See also Klaus v. Klosterman,* 2015-Ohio-2545, 39 N.E.3d 780, ¶ 27 (10th Dist.).

{¶ 12} "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond." *Tarver,* 2d Dist. Montgomery No. 26741, 2016-Ohio-3199*,* at ¶ 5, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,* 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). "A trial court errs when it dismisses a complaint 'sua sponte, without first notifying all parties of its intent.' " *Id.*, quoting *Mayrides v. Franklin Cty. Prosecutor's Office,* 71 Ohio App.3d 381, 384, 594 N.E.2d 48 (10th Dist.1991). "The notice requirement exists in order to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order in question by either curing the defect, proceeding with the matter or voluntarily dismissing the case without prejudice." *Id.*, quoting *Sweeny v. Petro,* 8th Dist. Cuyahoga No. 75580, 2000 WL 640611, *4 (May 18, 2000), citing *Perotti v. Ferguson,* 7 Ohio St.3d

1, 454 N.E.2d 951 (1983).

{¶ 13} "A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants." *Tarver* at ¶ 6, quoting *Mayrides* at 383. "It places the court in the role of a proponent rather than an independent entity." *Id.* "Sua sponte dismissals also prejudice [plaintiffs] as they deny any opportunity to respond to the alleged insufficiencies." *Id.*, quoting *Mayrides* at 384.

{¶ 14} "Courts have recognized an exception to the rule requiring notice prior to dismissal when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Id.* at ¶ 7, citing *State ex rel. Edwards,* 72 Ohio St.3d 106, 108, 647 N .E.2d 799 (1995). "Sua sponte dismissal of a case on the merits without [prior] notice is appropriate only if the complaint is frivolous or the claimant 'obviously cannot prevail' on the facts alleged in the complaint." *Id.*, quoting *State ex rel. Williams v. Trim,* 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 11, citing *State ex rel. Cincinnati Enquirer v. Ronan,* 124 Ohio St.3d 17, 2009-Ohio-5947. (Other citations omitted.)

{¶ 15} In the case before us, although the trial court stated that Live Joyfully's memorandum in support was submitted by it to show the court that Live Joyfully had a viable claim for the relief requested, the trial court did not provide Live Joyfully with any notice or other opportunity to respond to its intention to dismiss. The trial court should have given Live Joyfully notice of the court's intention to consider dismissal and an opportunity to respond. We cannot conclude from the face of Live Joyfully's complaint that its claims are frivolous or that it cannot possibly prevail on the facts alleged in the complaint without a determination as to the nature or merits of its claims. Accordingly, we

conclude that the trial court erred when it dismissed Live Joyfully's complaint sua sponte without first notifying the parties of its intention to dismiss. The second assignment of error is sustained.

{¶ 16} Although Live Joyfully filed a motion to deem conceded error in this court, the crux of its motion is a matter for adjudication by the trial court on remand. Additionally, because we will reverse the trial court's order based on the lack of notice to Live Joyfully on the sua sponte dismissal, any argument concerning the trial court's dismissal with prejudice is premature.

### III.    Conclusion

{¶ 17} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.