[Cite as *21st Century Concrete Constr., Inc. v. Reginella Constr. Co., Ltd.*, 2013-Ohio-3006.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99366**

# 21ST CENTURY CONCRETE CONSTRUCTION, INC.

### PLAINTIFF-APPELLEE

vs.

# REGINELLA CONSTRUCTION COMPANY, LTD., ET AL.

### DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-779703

**BEFORE:**   Stewart, A.J., S. Gallagher, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   July 11, 2013

**ATTORNEYS FOR DEFENDANT-APPELLANT REGINELLA CONSTRUCTION COMPANY, LTD.**

Steven R. Hobson, II
Leiby Hanna Rasnick Towne Evanchan Palmisano & Hobson, L.L.C.
388 S. Main Street, Suite 402
Akron, OH 44311

**ATTORNEYS FOR DEFENDANT-APPELLEE TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA**

Audrey E. Varwig
Dickie, McCamey & Chilcote, P.C.
2109 Stella Court
Columbus, OH    43215

W. Alan Torrance
Dickie, McCamey & Chilcote, P.C.
2 PPG Place, Suite 400
Pittsburgh, PA    15222

**ATTORNEYS FOR PLAINTIFF-APPELLEE**

R. Russell O'Rourke
Scott R. Sylkatis
O'Rourke & Associates Co., L.P.A.
2 Summit Park Drive, Suite 650
Independence, OH 44131

**ATTORNEYS FOR OHIO TURNPIKE COMMISSION**

Peter J. Comodeca
Ronald M. McMillan
Calfee, Halter & Griswold, L.L.P.
The Calfee Building
1405 East 6th Street
Cleveland, OH    44114

MELODY J. STEWART, A.J.:

{¶1} Plaintiff-subcontractor 21st Century Concrete Construction, Inc., brought this breach of contract action against defendant-general contractor Reginella Construction Co., Ltd., alleging that Reginella breached a subcontract by making oral changes to a work order but refusing to pay for those changes. 21st Century also named surety Travelers Casualty & Surety Co. of America as a defendant, alleging that Travelers refused to pay 21st Century on a performance and payment bond that it issued to Reginella. The court, recognizing that arbitration proceedings had been initiated between 21st Century and Reginella, stayed the action. It also ordered that Travelers participate in the arbitration because Travelers, as surety, was in privity with Reginella and might be bound by any decision issued by the arbitrator. Reginella appeals, arguing that the court erred by ordering Travelers to participate in the arbitration because Travelers is not a party to the arbitration agreement, it is not in privity with Reginella, and that the addition of Travelers to the pending arbitration would delay the proceedings between 21st Century and Reginella.

I

{¶2} We first consider Travelers' argument that Reginella lacks standing to argue that the court improperly ordered Travelers to arbitrate 21st Century's claim on the bond. That claim, argues Travelers, is separate from 21st Century's breach of contract claim against Reginella, so Reginella has no standing to complain about an order that does not

affect it. Reginella maintains that including Travelers in the arbitration will affect it by forcing it to incur additional time and expense during that proceeding.

A

{¶3} Regardless of whether Reginella has standing to argue that the court erred by ordering Travelers to participate in the arbitration, Reginella cannot be heard to complain about that order because it invited the error by specifically requesting that Travelers be included in any order compelling arbitration.

{¶4} "'Invited error' arises when a party tries to take advantage of an error that the party induced the trial court to make." *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 471, 692 N.E.2d 198 (1998). The invited error doctrine is applied when counsel is "actively responsible" for the trial court's error. *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000).

{¶5} In its motion to stay the proceedings and compel arbitration, Reginella noted that the terms of the contract between it and 21st Century required arbitration of "[a]ny controversy or claim arising out of or relating to this contract, or breach thereof, including claims against third parties whom [Reginella Construction] is obligated to defend * * *." Reginella told the court that the "third party" claims provision "clearly applies" to Travelers and that any order to compel arbitration should also apply to 21st Century's claims against Travelers. *See* motion to stay and compel arbitration, at 2, fn. 1.

{¶6} Travelers agreed that it should participate in the arbitration. It cited a decision from this court, *Midwest Curtainwalls, Inc. v. Pinnacle 701, LLC*, 8th Dist. No.

92269, 2009-Ohio-3740, for the proposition that a surety in privity with a general contractor may be bound by a decision reached in an arbitration between the general contractor and a subcontractor, even if the surety did not participate in the arbitration.

{¶7} After the court stayed the proceedings and ordered all three parties to arbitration, 21st Century and Reginella filed a joint motion for partial reconsideration of that part of the court order requiring Travelers to participate in the arbitration. They argued that (1) Travelers is not a party to the arbitration agreement so the American Arbitration Association would have no jurisdiction to decide any claims involving Travelers; (2) Travelers waived its claim that it should be a part of the arbitration by filing "an adversary lawsuit against Reginella in another court of law"; and (3) arbitration between Reginella and 21st Century had been ongoing for "several months" and that Travelers "can bring nothing to the arbitration by way of witnesses or any factual evidence" so its presence would create an unnecessary delay. Reginella filed its notice of appeal before the court could rule on the motion for partial reconsideration.

{¶8} Given Reginella's initial position that Travelers should be made a part of the arbitration, its claimed errors are barred by the invited error doctrine. Reginella filed its demand for arbitration on May 11, 2012, nearly one month before it filed its motion to stay proceedings and compel arbitration. And as noted, it specifically requested that any order staying the proceedings and ordering arbitration "should apply to Plaintiff's claims against Defendant Travelers Casualty & Surety Co. of America in the present case as

well." With the court having ordered arbitration in terms consistent with those requested by Reginella, any error stemming from that order was invited by Reginella.

B

{¶9} Reginella now maintains that its interests are no longer aligned with Travelers because Travelers filed suit against it in Pennsylvania, making them adversaries. For its part, Travelers argues that its participation in the arbitration is required because it fears that Reginella would not adequately represent Travelers' interests at the arbitration.

{¶10} According to Reginella, Travelers filed the Pennsylvania action on July 16, 2012. The court did not rule on the motion to stay proceedings and compel arbitration until December 6, 2012. At no point between asking the court to order Travelers to submit to arbitration and receiving the court order to that effect did Reginella raise an objection based on the Pennsylvania action. In fact, it was not until after the court ordered Travelers to participate in the arbitration that Reginella mentioned the Pennsylvania action and the potential that the parties would be adversaries in the arbitration. This was not a timely objection.

{¶11} It is also unclear why Reginella and Travelers believe they would have different interests in the outcome of the arbitration. The interests and liability of a surety and principal are derivative and usually coextensive, such that a surety cannot be liable on a bond if the principal is also not liable. *Thomas Steel, Inc. v. Wilson Bennett, Inc.*, 127 Ohio App.3d 96, 107, 711 N.E.2d 1029 (8th Dist.1998). Despite the differences that form the substance of the Pennsylvania action, Reginella presumably seeks an arbitration

decision finding that it is not in breach of its contract with 21st Century. That outcome would also be favorable to Travelers because it would mean that Travelers has no liability under the bond. If Reginella wins at arbitration, Travelers wins too.

{¶12} The basis for the Pennsylvania litigation is not a part of the record, but Reginella argues that Travelers would have no real interest in defending against 21st Century's claims because it will seek to pursue Reginella for indemnification of any amount it pays on the claim. This is a fanciful argument — it assumes that Travelers would be willing to endure the time and expense of arbitration for the sole purpose of losing the arbitration so that it can recover from Reginella. In fact, Travelers could be justified in wishing to participate in the arbitration to ensure that Reginella properly defends 21st Century's claims.

{¶13} In any event, it is unclear how Travelers' presence at the arbitration would cause undue delay. Even Reginella concedes that Travelers' status as a surety means that it would have no independent evidence of the substance of the claims set forth by 21st Century, so it is unlikely that Travelers could influence the outcome of the arbitration. Its presence at the arbitration was ordered for the sole purpose of allowing it to participate and protect any rights it has in relation to the preclusive effects of an arbitration decision. We consider that purpose next.

II

{¶14} The court ordered Travelers to participate in the arbitration because it believed that Travelers, being in privity with Reginella, could be bound by an arbitration

decision. Reginella argues that the court misread applicable precedent and thus lacked authority to order Travelers, a nonparty to the arbitration agreement, to participate in the arbitration.

{¶15} Arbitration is a matter of contract and a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate. As such, a guarantor who is not a signatory to a contract containing an arbitration clause is generally not bound by the arbitration clause. *See Teramar Corp. v. Rodier Corp.*, 40 Ohio App.3d 39, 41, 531 N.E.2d 721 (8th Dist.1987). However, the strong policy favoring arbitration has caused courts to enforce arbitration agreements against guarantors or sureties where the arbitration agreement is incorporated by reference into the guaranty or performance bond. *See, e.g., Piqua v. Ohio Farmers Ins. Co.,* 84 Ohio App.3d 619, 621-622, 617 N.E.2d 780 (2d Dist.1992); *United States Fid. & Guar. Co. v. W. Point Constr. Co.*, 837 F.2d 1507 (11th Cir.1988) (per curiam); *Exchange Mut. Ins. Co. v. Haskell Co.*, 742 F.2d 274 (6th Cir.1984) (per curiam); *Commercial Union Ins. Co. v. Gilbane Bldg. Co.*, 992 F.2d 386 (1st Cir.1993).

{¶16} The record does not contain a copy of the bond issued by Travelers, so we are unable to determine if Travelers incorporated the terms of the construction contract into the bond. Nevertheless, the court cited *Midwest Curtainwalls* for the proposition that Travelers was in privity with Reginella and that any decision rendered in arbitration could be held binding against Travelers.

{¶17} In *Midwest Curtainwalls*, we held that an arbitration award had preclusive effect against an individual who did not participate in arbitration, but who was in privity with a company that did. In this case, the court found that Travelers' status as a surety placed it in privity with Reginella such that any arbitration award against Reginella would also be binding against Travelers.

{¶18} The court may have overbroadly applied *Midwest Curtainwalls,* but nevertheless reached the correct result. A surety not only can assert the defenses of its principal, *Holben v. Interstate Motor Freight Sys.*, 31 Ohio St.3d 152, 156, 509 N.E.2d 938 (1987), it also possesses certain personal defenses under the bond that are not available to the principal. For example, regardless of the outcome of the arbitration, Travelers could offer defenses unique to the bond; for instance, statute of limitations. The surety's separate defenses might cause a divergence of interests such that they would constitute an exception to the rule set forth in *Midwest Curtainwalls* that binds a nonparticipating surety in privity with a principal to an arbitration award against that principal.

{¶19} But none of the separate defenses that Travelers might assert against Reginella are present here. As we noted, for purposes of arbitration, Travelers' and Reginella's interests are aligned. Travelers is in privity with Reginella and the result of the arbitration may well have been binding against it. Travelers understood this potentiality and for that reason desired to be allowed to participate in the arbitration. The court, thus, did not force Travelers to participate in the arbitration. Indeed, its order that

Travelers participate in the arbitration was in conformity with the expressed desire of both Travelers and Reginella. For that reason, Reginella cannot complain that Travelers was forced to arbitrate that which it had not agreed to arbitrate.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR