[Cite as *JJ Connor Co., Inc. v. Reginella Constr. Co., Ltd.*, 2014-Ohio-3873.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE JJ CONNOR CO., INC. | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NOS. 13 MA 75 |
| V. | ) | 13 MA 77 |
| | ) | |
| REGINELLA CONSTRUCTION CO., ET AL., | ) | |
| | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 12CV1476

JUDGMENT:                     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant        Attorney Frederick S. Coombs, III
JJ Connor Co., Inc.            26 Market Street, Suite 1200
                              P.O. Box 6077
                              Youngstown, Ohio 44501-6077

For Defendant-Appellant        Attorney Steven R. Hobson II
Reginella Construction Co. Ltd. 388 S. Main St., Suite 402
                              Akron, Ohio 44311

For Defendant-Appellee         Attorney Audrey E. Varwig
Travelers Casualty and Surety Company  2109 Stella Court
of America                     Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Hon. Mary DeGenaro

Dated: September 2, 2014

DONOFRIO, J.

{¶1} Plaintiff-appellant JJ Connor Co., Inc. and defendant-appellant Reginella Construction Co., Ltd. appeal a decision of the Mahoning County Common Pleas Court ordering defendant-appellee Travelers Casualty and Surety Company of America be made a party to existing arbitration between JJ Connor and Reginella.

{¶2} This case arises from a commercial reconstruction project involving two service plazas on the Ohio Turnpike. Reginella was the prime contractor on the project and JJ Connor was one of its subcontractors. The subcontract between Reginella and JJ Connor contained an arbitration provision. Travelers is a surety who issued a contract bond on the reconstruction project on behalf of Reginella.

{¶3} A dispute arose involving the project resulting in JJ Connor suing Reginella, Travelers, and the Ohio Turnpike Commission on May 15, 2012. On September 13, 2012, the trial court granted Reginella's motion for stay and referral to arbitration and arbitration proceedings were scheduled to begin on March 11, 2013.

{¶4} On November 5, 2012, Travelers filed a motion to compel arbitration seeking to interject itself into the arbitration proceedings between JJ Connor and Reginella, despite not being a party to the subcontract between JJ Connor and Reginella which provided for arbitration. JJ Connor and Reginella opposed Travelers' attempt to join the arbitration. Apparently, while Reginella's and Travelers' interests had once been aligned, they have since sued each other over other similar turnpike construction projects which Reginella had bonded through Travelers resulting in their relationship deteriorating and turning adversarial.

{¶5} On March 7, 2013, a magistrate granted Travelers' motion without explanation, JJ Connor and Reginella filed objections, and the trial court affirmed the magistrate's decision on April 16, 2013.

{¶6} JJ Connor appealed and the appeal was assigned case no. 13 MA 75. Reginella also appealed and that appeal was assigned case no. 13 MA 77. This court consolidated the appeals.

{¶7} JJ Connor raises two assignments of error, which state respectively:

The Trial Court committed reversible error in affirming the Magistrate's Order permitting Travelers Casualty & Surety Company to participate in the Arbitration of Plaintiff's claims against Reginella Construction Company, Ltd. and directing Arbitration of Plaintiff's claims against Defendant/Appellee Travelers Casualty & Surety Company.

The Trial Court abused its discretion in affirming the Magistrate's Decision of March 7, 2013.

{¶8} Reginella raises one assignment of error which states:

THE TRIAL COURT ERRED IN ORDERING THAT DEFENDANT TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA BE MADE A PARTY TO THE EXISTING ARBITRATION [sic] BETWEEN PLAINTIFF THE JJ CONNOR CO. INC. AND DEFENDANT REGINELLA CONSTRUCTION COMPANY, LTD. IN AAA CASE NO. 55-110-389-12.

{¶9} Each and all of these assignments of error concern a single issue and, therefore, will be addressed collectively.

{¶10} If an action has been filed by one of the parties to an arbitration agreement raising issues which may be arbitrable pursuant to their written agreement, the other party may move the trial court for a stay of those proceedings "until the arbitration of the issue has been had in accordance with the agreement[.]" R.C. 2711.02(B). An order that grants or denies the stay of trial proceedings pending arbitration is a final appealable order. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 31; R.C. 2711.02(C).

{¶11} Regarding the standard of review, a court of appeals generally applies an abuse of discretion standard to a trial court's decision regarding a stay pending arbitration. *Reynolds v. Crockett Homes, Inc.*, 7th Dist. No. 08 CO 8, 2009-Ohio-1020, ¶ 11. However, there are some exceptions to this rule when the error alleged is

solely a matter of law. For example, where, as here, whether or not an arbitration provision applies to a nonsignatory or nonparty involves a question of law. *Berry v. Lupica*, 8th Dist. No. 90657, 2008-Ohio-5102, ¶ 7.

{¶12} On appeal, JJ Connor and Reginella continue to object to Travelers being made a party to the arbitration. Reginella argues that: (1) Travelers is not a party to the contract between itself and JJ Connor which contains the arbitration provision; (2) Travelers does not have the automatic right to participate in the arbitration by virtue of its position as surety; (3) it is not in privity with Travelers; and (4) adding a new party will delay the existing arbitration. JJ Connor advances substantially similar arguments. In response, Travelers argues that the arbitration provision in the agreement between JJ Connor and Reginella evidences their intention that the surety would be included in any arbitration proceedings and that it must be made a party to the arbitration proceedings in order to properly protect its interests since its interests have become adverse to Reginella's.

{¶13} R.C. 2711.01, which provides for the validity of a provision in a contract for the arbitration of controversies, clearly envisions such a provision as being restricted to signatories or parties to the contract:

> A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any *agreement in writing between two or more persons* to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

(Emphasis added.) R.C. 2711.01(A).

**{¶14}** Case law is in accord. It is well-settled that only parties to a contract containing an arbitration provision can compel arbitration. *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998); *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). It is undisputed that Travelers was not a party to the subcontract between JJ Connor and Reginella containing the arbitration clause. Therefore, it cannot interject itself into arbitration between them on that basis.

**{¶15}** Despite its status as a nonsignatory or nonparty to the subcontract between JJ Connor and Reginella, Travelers maintains that the arbitration clause and its position as surety provide for its intervention. Travelers cites *Midwest Curtainwalls, Inc. v. Pinnacle 701, L.L.C.*, 8th Dist. No. 92269, 2009-Ohio-3740, in support of its argument that because of its privity with Reginella it necessarily will be bound by any arbitration decision concerning JJ Connor's dispute with Reginella and will be estopped from challenging it if it is not allowed to intercede. Although *Midwest Curtainwalls* does stand for the proposition that a surety is estopped from challenging an arbitrator's award, it did not address the narrower issue presented by this case of whether a surety has an affirmative right to participate in the underlying arbitration proceeding.

**{¶16}** In support, Travelers also cites a similar case involving it and Reginella in the Eighth District Court of Appeals – *21st Century Concrete Constr., Inc. v. Reginella Constr. Co., Ltd.*, 8th Dist. No. 99366, 2013-Ohio-3006, appeal not allowed, 137 Ohio St.3d 1423, 2013-Ohio-5285, 998 N.E.2d 1178. That case too is distinguishable procedurally and, as such, did not address the narrow issue presented by the present case before this court. The Eighth District case also involved a subcontractor suing Reginella where Travelers was the surety. Once the trial court recognized that the subcontractor and Reginella had initiated arbitration proceedings, the court stayed the action and ordered Travelers to participate in the arbitration, even though it was not a party to the arbitration agreement. However, in

that case, Reginella had asked that Travelers be included in the arbitration proceedings. Pointing to the invited error doctrine, the Eighth District declined to reach the substantive merits of Reginella's argument on appeal that the trial court erred in ordering Travelers to be a part of the arbitration proceedings.

{¶17} It should be noted that the language of the arbitration clause in the subcontract between JJ Connor and Reginella also does not contemplate the participation of Travelers or any surety:

> Any controversy or claim arising out of or related to this contract or the breach thereof, including claims against third parties whom RCC is obligated to defend, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association * * *.

{¶18} "A third-party beneficiary is one for whose benefit a promise is made, but who is not a party to the contract encompassing the promise. *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 196, 299 N.E.2d 295. * * * An intended beneficiary has enforceable rights under the contract, in contrast to an incidental beneficiary, who has no rights of enforcement. *Hill v. Sonitrol of Southwestern Ohio* (1988), 36 Ohio St.3d 36, 40, 521 N.E.2d 780." *Berge v. Columbus Community Cable Access*, 136 Ohio App.3d 281, 303, 736 N.E.2d 517 (10th Dist.1999). "To have an intended beneficiary, the contract must be entered into with the intent to benefit that person. *Doe v. Adkins* (1996), 110 Ohio App.3d 427, 436, 674 N.E.2d 731." *Berge,* at 303, 736 N.E.2d 517. Under the subcontract between JJ Connor and Reginella, Travelers was merely an incidental beneficiary of the construction subcontract, not an intended third-party beneficiary and, therefore, has no right to enforce the contract's provision requiring arbitration.

{¶19} In sum, there is no basis in statutory or case law for a nonsignatory or nonparty to a contract containing an arbitration clause to compel its participation in

the arbitration proceedings. Accordingly, JJ Connor's and Reginella's assignments of error have merit.

**{¶20}** The judgment of the trial court ordering Travelers to participate in the arbitration proceedings between JJ Connor and Reginella is reversed and this matter is remanded for further proceedings according to law and consistent with this court's opinion.

Vukovich, J., concurs.
DeGenaro, P.J., concurs in judgment only with opinion.

DeGenaro, P.J., concurs in judgment only with opinion.

**{¶21}** While I agree with the majority's judgment to reverse the trial court, I cannot entirely join in the rationale for doing so. It is well settled that a non-signatory and third-party to a contract containing an arbitration provision cannot be compelled to participate in an arbitration; similarly, it cannot compel its inclusion in arbitration proceedings.

**{¶22}** In *Kline v. Oak Ridge Bldrs., Inc.*, 102 Ohio App.3d 63, 656 N.E.2d 992 (9th Dist.1995), the homeowners sued the construction company, a corporate entity, which built their home, as well as the president of the company and his wife. Only the homeowners and the corporate entity were signatories to the contract which contained an arbitration clause; however the corporate entity and the individual defendants sought a stay pending arbitration, which the trial court granted. The Ninth District reversed in part, concluding that despite the arbitration clause contained in the construction agreement; the president and his wife were not parties to that contract, and thus could not have the claims asserted by the homeowners against them individually resolved via arbitration. *Id.* In *St. Vincent Charity Hosp. v. URS Consultants, Inc.,* 111 Ohio App.3d 791, 677 N.E.2d 381 (8th Dist.1996), the Eighth District held that an architectural firm could not participate in an arbitration between a hospital and another architectural firm pursuant to a contract between those two parties which required arbitration absent evidence that it was assigned or assumed

the other firm's liabilities under contract. *Id.* As such in the present action Travelers cannot insert itself into the arbitration between JJ Connor and Reginella.

**{¶23}** That said, neither collateral estoppel nor res judicata can be used to impose the outcome of the arbitration between JJ Connor and Reginella upon Travelers. The majority states that *Midwest Curtainwalls, Inc. v. Pinnacle 701, L.L.C.*, 8th Dist. No. 92269, 2009-Ohio-3740 ¶20, stands for the general proposition that a surety is estopped from challenging an arbitration award. However, that is not entirely accurate. In *Midwest,* the Eighth District held that the surety was bound by the arbitration award entered against its principal because the bond had been issued *after* the commencement of arbitration between the subcontractor and the contractor. Because the surety knew at the time it issued the bond that it would be bound by any arbitration award issued against the contractor, the preclusive effect of collateral estoppel and res judicata against the surety was warranted in *Midwest* based upon those facts.

**{¶24}** Here, we have the opposite circumstances. Travelers has attempted to protect its interests by seeking to intervene in the arbitration, which we hold it cannot do. Thus, is would be a manifest injustice in subsequent litigation among these parties to then prevent Travelers from asserting any and all defenses. Because Travelers has attempted to intervene in the arbitration but has been barred from doing so, any arbitration award can have no res judicata effect upon Travelers, nor can collateral estoppel bar any issue it may raise in subsequent proceedings.