[Cite as *Javorsky v. Javorsky*, 2017-Ohio-285.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103896

---

# THOMAS JAVORSKY

PLAINTIFF

vs.

# JOAN M. JAVORSKY

DEFENDANT/CROSS-CLAIM
PLAINTIFF-APPELLANT

and

# TD AMERITRADE, INC., ET AL.

DEFENDANT/CROSS-CLAIM
DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-830239

**BEFORE:** Keough, A.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 26, 2017

**ATTORNEYS FOR APPELLANT**

**For Joan M. Javorsky**

Neil Bhagat
David L. Drechsler
Buckingham, Doolittle & Burroughs
1375 East Ninth Street, Suite 1700
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

**For TD Ameritrade**

Bryan Kostura
Barbara F. Yaksic
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122

**ALSO LISTED**

**For Thomas Javorsky**

Brian C. Lee
Adriann S. McGee
Reminger Co., L.P.A.
101 Prospect Avenue West, Suite 1400
Cleveland, Ohio 44115

**For Alpha Planning and Financial Services, Inc. and Jeffrey P. Cirino**

Scott M. Kuboff
Joseph J. Triscaro
Demarco & Triscaro, Ltd.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** Appellant, Joan M. Javorsky ("Joan"), appeals the trial court's decision granting appellee, TD Ameritrade, Inc.'s ("TD Ameritrade"), motion to compel arbitration and stay proceedings. For the reasons that follow, we affirm.

**{¶2}** In October 2004, Andrew Javorsky ("Andrew") opened an IRA account with TD Ameritrade ("Account"). Andrew's son and Joan's stepson, Thomas Javorsky ("Thomas"), was originally designated as the beneficiary of the account. Joan, as Andrew's spouse, signed the requisite notice under the Agreement acknowledging that she was not named as the primary beneficiary to the Account. In 2007, Andrew changed his beneficiary designation naming Joan as the primary beneficiary. However, two years later in 2009, Andrew changed his beneficiary back to his son, Thomas. Again, Joan signed the requisite acknowledgment under the Agreement that she was not named as the primary beneficiary of the Account.

**{¶3}** Unfortunately, in March 2012, Andrew passed away. As a result of Andrew's passing, Joan had her financial advisor, Jeffrey Cirino, president of Alpha Planning and Financial Services, Inc. ("Alpha Planning"), request distribution of the funds in the Account. As a result, approximately $700,000 was transferred from the Account to Joan's TD Ameritrade account, which she subsequently liquidated.

**{¶4}** In July 2014, Thomas filed suit against Joan, alleging undue influence with respect to the Account and other assets of his father; he also asserted a claim for

intentional interference with expectancy of inheritance, fraud, and conversion. After discovering the 2009 change of beneficiary designation, Thomas amended his complaint to add TD Ameritrade as a defendant, seeking a declaratory judgment that he, and not Joan, was the proper beneficiary of the Account. He also asserted claims against TD Ameritrade for breach of contract, breach of fiduciary duty, and negligence.

{¶5} In her answer, Joan did not admit that Thomas was the proper beneficiary, but admitted that the Account assets were distributed to her in March 2012. Additionally, she asserted cross-claims against TD Ameritrade for promissory estoppel, negligence, declaratory judgment, and indemnification. She also asserted counter and third-party claims against Alpha Planning and Cirino for negligence, breach of fiduciary duty, breach of implied contract, unjust enrichment, promissory estoppel, and fraud.

{¶6} TD Ameritrade filed motions to compel arbitration of both Thomas's and Joan's claims, contending that the IRA Client Agreement ("Agreement") governing the Account provides that all claims relating to the Account must be arbitrated. The trial court agreed and granted both motions; only Joan has appealed that decision, contending in her sole assignment of error that the trial court erred by enforcing an arbitration provision in the Agreement against a nonsignatory to that Agreement.

{¶7} The appropriate standard of review on judgments pertaining to the enforceability of an arbitration agreement depends on the questions raised in challenging the applicability of the arbitration provision. *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. In this case, we apply a de novo

standard of review to questions of contract interpretation; specifically whether a party has agreed to be subject to an arbitration provision. *See JJ Connor Co. v. Reginella Constr. Co.*, 7th Dist. Mahoning Nos. 13 MA 75 and 13 MA 77, 2014-Ohio-3873, ¶ 11 (whether or not an arbitration provision applies to a nonsignatory or nonparty involves a question of law).

{¶8} In this case, no argument has been set forth challenging the validity of the arbitration provision contained in the Agreement. The Agreement requires that all controversies "arising out of and relating" to the Account be submitted to arbitration. *See* Section 10 of the Agreement. Additionally, the Agreement expressly states that the arbitration provision is binding upon Andrew's "heirs, executors, administrators, successors, and assigns." *Id.* Joan, as Andrew's surviving spouse, is Andrew's heir under the law. Therefore, based on the Agreement, the arbitration provision applies to Joan. Nevertheless, Joan contends that the provision does not apply to her because she is a nonsignatory of the Agreement and, thus, cannot be bound to arbitrate her claims.

{¶9} The enforceability of contractual arbitration provisions is governed by the laws of contract interpretation. Generally, parties who have not agreed to arbitrate their disputes cannot be forced to forego judicial remedies. *Cleveland-Akron-Canton Advertising Coop. v. Physician's Weight Loss Ctrs. of Am.*, 184 Ohio App.3d 805, 2009-Ohio-5699, 922 N.E.2d 1012, ¶ 14 (8th Dist.), citing *Moore v. Houses on the Move, Inc.*, 177 Ohio App.3d 585, 2008-Ohio-3552, 895 N.E.2d 579 (8th Dist.). There are instances, however, "where equity demands that parties who have not agreed to arbitrate

their disputes may be forced to do so when 'ordinary principles of contract and agency' require."  *Physician's Weight Loss* at *id*., quoting *McAllister Bros., Inc. v. A & S Transp. Co.*, 621 F.2d 519, 524 (2d Cir.1980).

**{¶10}** One such instance where a nonsignatory will be bound to an arbitration agreement is under an estoppel theory.  *See Thomson-CSF, S.A. v. Am. Arbitration Assn.*, 64 F.3d 773 (2d Cir.1995).  Estoppel applies where "a nonsignatory who knowingly accepts the benefits of an agreement is estopped from denying a corresponding obligation to arbitrate."  *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004-Ohio-3631, 813 N.E.2d 4, ¶ 13 (8th Dist.), citing *Thomson-CSF* at 778 (estoppel analysis depends on whether the nonsignatory derived a direct benefit from the contract containing the arbitration clause such that acceptance of the benefit would also require acceptance of a contractual obligation).  "This doctrine 'precludes a party from enjoying rights and benefits under a contract while at the same time avoiding its burdens and obligations.'" *Physician's Weight Loss* at ¶ 15, quoting *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Dist.2003).  In *Gerig v. Kahn*, 95 Ohio St.3d 478, 2002-Ohio-2581, 769 N.E.2d 381, the Ohio Supreme Court held that a signatory to a contract could enforce an arbitration provision against a nonsignatory who sought the benefit of rights under the contract.

**{¶11}** Moreover, Ohio courts have also recognized that a third-party beneficiary, although a nonsignatory to contract, may be bound to an arbitration agreement. *Physician's Weight Loss* at ¶ 18, citing *Houses on the Move* at ¶ 31, quoting *Peters v. Columbus Steel Castings Co.*, 10th Dist. Franklin No. 05AP-308, 2006-Ohio-382, ¶ 13;

*Fawn v. Heritage Mut. Ins. Co.*, 10th Dist. Franklin No. 96APE12-1678, 1997 Ohio App. LEXIS 2882 (June 30, 1997) (by accepting the benefits of the contract, the third-party beneficiary also assumes the attendant burdens). Once the third-party beneficiary has accepted the benefit of the contract, it can receive no greater rights from the contract than those possessed by the signatories. *Ohio Savs. Bank v. H.L. Vokes Co.*, 54 Ohio App.3d 68, 71, 560 N.E.2d 1328 (8th Dist.1989).

{¶12} In this case, Joan knowingly accepted a direct benefit conferred by the Agreement — she expressly sought and voluntarily received the funds in the Account. In fact, Joan continues to benefit by retaining the Account funds and claiming she is the proper Account beneficiary under the Agreement. As the claimed proper third-party beneficiary to the Account, she is also bound by the Agreement's burdens or obligations, including the arbitration provision. Based upon Joan's own actions and legal claims, she has subjected herself to the arbitration provision in the Agreement. Therefore, under either an estoppel or third-party beneficiary theory, the arbitration provision is enforceable against Joan's claims.

{¶13} Finally, we reject Joan's contention that she cannot be bound to the arbitration agreement because her claims arise out of tort and not contract. A party cannot avoid arbitration by casting contract claims as torts. *Jankovsky v. Grana-Morris*, 2d Dist. Miami No. 2000-CA-62, 2001 Ohio App. LEXIS 3938, 14 (Sept. 7, 2001). Here, Joan's claims against TD Ameritrade are essentially contingent on Thomas's claims against TD Ameritrade. Each of the claims in her cross-claim begin with "[i]f the 2009

Beneficiary Designation is found to control, then * * * ."  Thus, Joan's claims do not arise unless Thomas is successful on his claims against TD Ameritrade, and it is determined that Thomas is the proper beneficiary under the Account.  Thomas's claims were submitted to arbitration pursuant to the Agreement.  Therefore, because Thomas's and Joan's claims are intertwined, and Joan's claims against TD Ameritrade are contingent on Thomas's claims, it would defeat the strong public policy supporting arbitration and its purpose as an expeditious and economical means of a resolving a dispute to find that Joan's claims are not subject to arbitration.  *See Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992).

{¶14} Based on the foregoing analysis, the trial court did not err in granting TD Ameritrade's motion to compel arbitration and stay proceedings pending arbitration. Joan's assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR